The complaint alleges that the plaintiff Ruffin entered into a contract with the Black Mountain Railroad Company to build the road and deliver it free of all claims and liens, which he undertook to accomplish by making a contract of indemnity with the Ocean Accident and Guarantee Corporation, and that this contract was "for the protection of the Black Mountain Railroad Company and for its benefit and with full knowledge of the defendant that said insurance was for the benefit of the said Black Mountain Railroad Company." *Page 690 
An injury having occurred to one of the workmen (Thomas Ruffin), who was known by the defendant to be the agent of the Black (637) Mountain Railroad Company, it become liable for the injured workman, and this action is brought to recover the loss incurred, which further it is alleged has been paid by the owner under a compromise in an action brought therefor.
The indemnity company knew that Ruffin was under contract to pay any judgment or just claims arising from such injuries as this, and wrote this policy to indemnify him. When the suit was brought the defendant took part in making the defense. It is immaterial that Ruffin was not a party to the action which was brought by the injured employee directly against the plaintiff railroad company. The injury was for the negligent use of explosives, and the railroad company, therefore, was not released from liability by reason of the fact that Ruffin was an independent contractor.
Upon the statement in the complaint, the demurrer was properly overruled. The railroad company suffered the loss, Ruffin or Ruffin 
Harris (of which firm he was a partner) is responsible to the railroad company for the amount of said loss, and under his indemnity is entitled to be protected in turn by the indemnity company, the defendant. If there are any defenses, they can be presented by the answer. It is immaterial that the indemnity was taken out in the name of Ruffin Harris, for as one of the partnership he is responsible to the railroad company for the loss and can require the indemnity company to make the loss good. The demurrer for misjoinder need not be discussed. If there are unnecessary parties plaintiff, they might object on account of the costs or fear of judgment against them, but it is no prejudice to the defendant.
Both the railroad company, the beneficiary of the contract, which claims to recover under the doctrine of Gorrell v. Water Co., 124 N.C. 328, and Ruffin, the obligee in the contract, are parties plaintiff, and as there can be but one recovery, it is a question between them and not a prejudice to the defendant. Nor can there be a misjoinder, for there is but one single cause of action, the injury to the employee and the responsibility of the defendant by reason of the contract of indemnity.
Affirmed.
Cited: R. R. v. Guarantee Corp., 175 N.C. 568 (1cc); Bank v. AssuranceCo., 188 N.C. 753 (1c); Schofield v. Bacon, 191 N.C. 256 (1c). *Page 691 
CLARK, C. J. This action is between the same parties for injury to another employee (Forney), who has recovered a judgment against the plaintiff railroad for his damages, which was sustained in this Court.Watson v. R. R., 164 N.C. 176.
The judgment overruling the demurrer is
Affirmed.
(638)