BLACK MOUNTAIN RAILROAD COMPANY ET AL. v. OCEAN ACCIDENT AND GUARANTEE CORPORATION.

(Filed 22 May, 1918.)

**Principal and Surety—Indemnity Companies—Contracts—Independent Contractors—Judgments—Payment.**

The directors of a railroad company contracted with its promoter holding nearly all of its stock for the construction of a short connecting line, who in turn contracted with a partnership composed of himself and his superintendent for its construction, and took a policy in the defendant company in the name of the partnership to guarantee the turning over of the road to the railroad company free from all claims for damages. Judgment was obtained against the railroad company for injury to the

contractor's employee upon the ground that it could not relieve itself of such liability by contract, the defendant guarantee company having been notified and taken charge of the suit. *Held*, the defendant was fixed with knowledge and was liable for the amount of the recovery; and the original contractor, having allowed the amount in settlement with the railroad company, is entitled to recover it under the defendant's policy as a liability which "arose by operation of law."

BROWN, J., dissenting; WALKER, J., concurring in the dissenting opinion.

APPEAL by defendant from *Carter, J.,* at January Term, 1918, of MCDOWELL.

*Pless & Winborne, H. G. Morrison, and J. J. McLaughlin for plaintiff.*
*A. Hall Johnston, F. W. Catlin, and A. S. Barnard for defendant.*

CLARK, C. J. Stripped of unnecessary details, the following are the facts: The plaintiff railroad company was chartered in 1910 for the construction of a railroad from Boonford through Yancey County. The promoter and organizer of the railroad company was Charles L. Ruffin. The six directors, each holding one share of stock, contracted with said Ruffin to build said railroad, he receiving in payment the entire capital stock except said six shares. Ruffin subsequently contracted with Ruffin & Harris, a partnership composed of himself and his superintendent, J. H. Harris, to build a short branch line. Said Harris, besides his usual salary, was to receive the profits over certain prices agreed upon for the work to be done. Ruffin contracted with the railroad company to turn over the road free from all claims for damages. He took out a policy in the name of Ruffin & Harris to insure them against payment of damages sustained by employees while building said branch line. Ruffin seems to have been the Pooh Bah of the enterprise—nearly the whole thing.

An employee, Gus Forney, being injured, recovered $5,000 through his guardian Watson against the railroad company for such damages (*Watson v. R. R.,* 164 N. C., 176), this Court holding that though the damages were sustained by the negligence of an independent contractor, it being a dangerous employment, the railroad company was also liable therefor.

Subsequently the railroad company, having paid the judgment, brought this action against the defendant, claiming to be subrogated to the rights of said Ruffin against the accident company by reason of the damages which it had paid by reason of the negligence of the contractor Ruffin. The complaint and summons were amended to make Charles L. Ruffin a coplaintiff and to allege, which was not denied, that Ruffin had reim-

bursed the company for said loss by having the $5,000 deducted from the sums due him by the railroad company, and Ruffin asks recovery against the defendant upon the policy upon the ground that the amount recovered by Watson as guardian against the railroad company was a liability which, in the language of the policy, "arose by operation of law," this Court having held that the railroad company was liable on account of the negligence of the contractor, and the defendant having been notified had taken charge of the action brought by Watson, guardian of Forney, and had defended till judgment, and on appeal in this Court, and was thereby fixed with knowledge and liability for the amount of such recovery. *R. R. v. Accident Corp.*, 172 N. C., 637.

The strength of the defendant's contention is that it did not agree to save Ruffin & Harris from liability to the railroad company, and especially did not agree to be responsible on Ruffin's contract to hand over the railroad to the corporation free from liability for damages to employees.

This ignores the fact that the railroad company was held liable solely because of the negligence, as found by the jury, of the subcontractors and that, irrespective of any contract between Ruffin and the railroad company and of any claim for subrogation, that the railroad company having paid for the damages caused by the negligence of the subcontractors, Ruffin having reimbursed the railroad company had a right to recover such amount upon the policy issued by the defendant to Ruffin & Harris because he was the member of the firm who paid the loss, and besides, Harris, upon the record, seems to have been only a nominal member. At any rate Ruffin's receipt to the defendant on payment by it to him of the judgment in this case will be a protection against any possible action by Harris, for the subcontractors Ruffin & Harris are indebted to Ruffin, as the contractor in chief, for the payment by Ruffin to the railroad and the receipt by the railroad to Ruffin is a valid debt against Ruffin & Harris, even if Ruffin were not a member of said partnership.

In *R. R. v. Accident Corp.*, 172 N. C., 637, the previous appeal in this case, it was said: "When the suit was brought in which this recovery was had by the employee, the defendant took part in making the defense," and further: "It is immaterial that the indemnity was taken out in the name of Ruffin & Harris, for as one of the partnership he is responsible to the railroad company for the loss and can require the indemnity company to make the loss good." Since then Ruffin has paid the railroad company the damages, which had been recovered by the employee out of the railroad company, and Ruffin is now of course entitled to recover said amount out of the indemnity company.

Affirmed.

BROWN, J., dissenting: I am of opinion that the legal conclusions of Mr. Robert L. Ryburn, who has made a very clear and comprehensive report in this case, are correct upon the facts as found by him and as modified by the judge.

It is admitted that the policy was issued to Ruffin & Harris, a copartnership, and contracts "to indemnify the assured against loss from liability imposed by law upon the assured on account of bodily injuries, etc."

The policy contains the following clauses:

"Right of Action Against Corporation.—E. No action for the indemnity against loss provided for in section 1 of the insuring agreements of this policy shall lie against the corporation, except for reimbursement of the amount of loss actually sustained and paid in money by the assured, in full satisfaction of a judgment, duly recovered against the assured, after final determination of the litigation, nor unless brought within two years after such final judgment shall have been paid.

"L. No change in the agreements, conditions, or statements of this policy, either printed, signed by the general manager of the corporation, nor shall notice to or knowledge possessed by any agent or any other person be held to waive, alter, or extend any of such agreements, conditions or statements."

It is unnecessary to consider the right of the plaintiff railroad company to be subrogated to the rights of Ruffin & Harris under the policy as Charles L. Ruffin, one of the copartners, is a party plaintiff to this action and the case may be considered from the standpoint of his right to recover.

It is admitted that the payment made to the railroad company by Ruffin was in settlement of the sum paid by the company in discharge of the judgment that Forney obtained against the railroad company. Forney, although injured in the service of Ruffin & Harris, sued the railroad company and obtained judgment against it exclusively upon the ground that the work was inherently dangerous and responsibility could not be shifted. He never obtained judgment against Ruffin & Harris or either of them.

The payment by Ruffin to the railroad company was purely voluntary and was in no sense in discharge of a liability imposed by law upon Ruffin & Harris, or either of them.

What is meant by "liability imposed by law" is shown by the provisions of the policy itself and it means a liability imposed and evidenced by a final judgment at the end of the litigation. By the express stipulation of the parties as set out in their contract, the defendant contracted to protect Ruffin & Harris only from liability imposed by law

on them, and neither Ruffin nor Harris could maintain an action against the defendant under the policy until a judgment had been duly recovered against them and after final determination of the litigation, and they had actually sustained a loss and paid the same in money, in full satisfaction of such a judgment.

If a suit had been brought against Ruffin & Harris, and either Ruffin or Harris had voluntarily paid any amount in settlement of the suit, the amount so paid could not be recovered from this defendant, and this being so, neither of them can upon any reasonable basis hold the defendant for an amount which was paid on a judgment rendered against a third party. As stated, all payments made by Ruffin were on judgments rendered against the Black Mountain Railway Company, for which he considered himself liable under the contract between him and it.

In *Kelly v. London Guarantee & Accident Co.,* 97 Mo. App., 625, in passing on a policy of indemnity issued to a copartnership, the Court says:

"We are of opinion that where the contract of indemnity is to indemnify for the loss occasioned by accidents to employees of a partnership, for negligence of the partnership, in order to render an insurer liable, the accident must happen to the employee while engaged in work for the partnership and by reason of the negligence of the partnership, and that this must be made to appear by the judgment of the proper court."

In an action on a policy of indemnity containing a clause identical with the one quoted, this Court held: "It is necessary for the plaintiff to show that he has sustained the loss he seeks to recover in his action against an indemnifier against loss, and not alone that a judgment has been obtained against him for an injury to an employee covered by the bond." *Lowe v. Fid. & Cas. Co.,* 170 N. C., 445.

In order to recover, plaintiff Ruffin must show a final judgment against himself establishing that Forney was injured in the service of the copartnership and that he has paid such judgment. This he has failed to do.

There is no pretense that this requirement of the policy has ever been waived. In fact, it could not be waived or abrogated except in the manner pointed out in Section L above quoted.