BROWN, J., dissenting; WALKER, J., concurring in the dissenting opinion.
Stripped of unnecessary details, the following are the facts: The plaintiff railroad company was chartered in 1910 for the construction of a railroad from Boonford through Yancey County. The promoter and organizer of the railroad company was Charles L. Ruffin. The six directors, each holding one share of stock, contracted with said Ruffin to build said railroad, he receiving in payment the entire capital stock except said six shares. Ruffin subsequently contracted with Ruffin Harris, a partnership composed of himself and his superintendent, J. H. Harris, to build a short branch line. Said Harris besides his usual salary, was to receive the profits over certain prices agreed upon for the work to be done. Ruffin contracted with the railroad company to turn over the road free from all claims for damages. He took out a policy in the name of Ruffin Harris to insure them against payment of damages sustained by employees while building said branch line. *Page 603 
Ruffin seems to have been the Pooh Bah of the enterprise — nearly the whole thing.
An employee, Gus Forney, being injured, recovered $5,000 through his guardian Watson against the railroad company for such damages (Watson v. R.R., 164 N.C. 176) this Court holding that though the damages were sustained by the negligence of an independent contractor, it being a dangerous employment, the railroad company was also liable therefor.
Subsequently the railroad company, having paid the judgment, brought this action against the defendant, claiming to be subrogated to the rights of said Ruffin against the accident company by reason of the damages which it had paid by reason of the negligence of the contractor Ruffin. The complaint and summons were amended to make Charles L. Ruffin a coplaintiff and to allege, which was not denied, that Ruffin had reimbursed the company for said loss by (568) having the $5,000 deducted from the sums due him by the railroad company, and Ruffin asks recovery against the defendant upon the policy upon the ground that the amount recovered by Watson as guardian against the railroad company was a liability which, in the language of the policy, "arose by operation of law." this Court having held that the railroad company was liable on account of the negligence of the contractor, and the defendant having been notified had taken charge of the action brought by Watson, guardian of Forney, and had defended till judgment, and on appeal in this Court, and was thereby fixed with knowledge and liability for the amount of such recovery.R. R. v. Accident Corp., 172 N.C. 637.
The strength of the defendant's contention is that it did not agree to save Ruffin Harris from liability to the railroad company, and especially did not agree to be responsible on Ruffin's contract to hand over the railroad to the corporation free from liability for damages to employees.
This ignores the fact that the railroad company was held liable solely because of the negligence, as found by the jury, of the subcontractors and that, irrespective of any contract between Ruffin and the railroad company and of any claim for subrogation, that the railroad company having paid for the damages caused by the negligence of the subcontractors, Ruffin having reimbursed the railroad company had a right to recover such amount upon the policy issued by the defendant to Ruffin Harris because he was the member of the firm, who paid the loss, and besides, Harris, upon the record, seems to have been only a nominal member. At any rate Ruffin's receipt to the defendant on payment by it to him of the judgment in this case will be a protection *Page 604 
against any possible action by Harris, for the subcontractors Ruffin 
Harris are indebted to Ruffin, as the contractor in chief, for the payment by Ruffin to the railroad and the receipt by the railroad to Ruffin is a valid debt against Ruffin Harris, even if Ruffin were not a member of said partnership.
In R. R. v. Accident Corp., 172 N.C. 637, the previous appeal in this case, it was said: "When the suit was brought in which this recovery was had by the employee, the defendant took part in making the defense," and further: "It is immaterial that the indemnity was taken out in the name of Ruffin Harris, for as one of the partnership he is responsible to the railroad company for the loss and can require the indemnity company to make the loss good." Since then Ruffin has paid the railroad company the damages, which had been recovered by the employee out of the railroad company, and Ruffin is now of course entitled to recover said amount out of the indemnity company.
Affirmed.