NATHAN L. WOOD v. W. W. MILLER, TRADING AS MILLER MOTOR
EXPRESS.

(Filed 9 October, 1946.)

**1. Automobiles § 24b—**

Where the question of whether the relationship of master and servant
exists between the driver of a truck and the lessee thereof depends upon
the legal effect of the written lease agreement, the question is one of law.

**2. Master and Servant § 1—**

As a general rule the relationship of master and servant is created when
the employer retains the right to control and direct the manner in which
the details of the work are to be executed and what the laborer shall do
as the work progresses.

**3. Automobiles § 24b—Relationship of master and servant held to exist
between lessee and driver of truck under terms of written lease agree-
ment.**

The written trip lease agreement under which the truck in question was
being operated at the time of the collision provided that the driver should
remain on lessor's pay roll and lessor be responsible for pay roll taxes and
deductions and for fuel and repairs but that the sum paid by lessee was
for the leasing of the truck and the services of the driver and that the
lessee should assume direction and control of the leased vehicle and full
responsibility to the public, shippers and consignees for its operation, and
should display its name on the sides of the vehicle preceded by the words
"operated by," and pay only such tolls, charges, fees and fines as were
directly attributable to the transportation of lessee's freight. *Held:* Under
the terms of the trip lease agreement the relationship of master and serv-
ant existed between the lessee and the operator of the truck so as to
render the lessee liable for negligence in its operation.

APPEAL by plaintiff from *Thompson, J.,* at January Term, 1946, of
PASQUOTANK.

Civil action to recover for personal injury allegedly sustained in
collision at highway crossing in State of Virginia, between plaintiff's
automobile and truck of one Turner under trip lease with defendant.

These facts are uncontroverted: On 27 February, 1945, the day before
the collision occurred, defendant, a common carrier of freight by trucks
owned and leased by him, entered into an agreement designated "Trip
lease of truck," with Dick Turner's Motor Express, a common carrier of
freight, of Norfolk, Virginia, for a single trip to transport freight by a
Dodge truck, tractor and semi-trailer type, from Brooklyn, New York,
to Washington, N. C., under these pertinent provisions:

"6. During the term of this lease the leased truck shall be operated
only by the driver named Savage. Such driver, and any helper fur-
nished by the lessor, shall remain on lessor's payroll . . .

"8. The compensation to be paid to the lessor by the lessee for the
leasing of the truck and for the services of the driver named in para-

graph 6 shall be paid upon termination of this lease . . . as follows: (a) $100.00 for the trip. Turner to pay all expenses . . .

"10. The lessor and lessee hereby agree to all the terms, conditions and representations set forth in this lease, including those appearing on the reverse side hereof."

Among those "Additional Terms, Conditions and Representations" are these:

"A. The lessee, upon completion of the loading of the vehicle, shall furnish lessor with documentary evidence of the weight or value of the freight loaded thereon.

"B. The lessee shall assume direction and control of the leased vehicle and full responsibility to the public, shippers, and consignees for its operation. The lessee shall also display prominently on both sides of the leased vehicle . . . the name of the lessee preceded by the words 'operated by,' and the number of any operating certificate or permit held by the lessee . . .

"C. The lessee shall pay only such tolls, ferry charges, State fees, and fines as are directly attributable to the transportation of the lessee's freight in the leased vehicle. . . ."

"E" and "F" (combined). "The lessor, during the time of this lease, shall be responsible for the maintenance, service and repair of the leased vehicle, and shall provide motor fuel, oil, tires, and other equipment necessary to operate the vehicle" and "for the deduction and payment of all pay roll deductions, tax withholdings, taxes, assessment, premiums, and other payments, due by reason of the payment of wages or other earnings to the driver or any helper utilized in the operation of the leased vehicle without transfer to the lessee's pay roll."

Plaintiff alleges in his complaint, and on trial in Superior Court offered evidence tending to show (1) that the truck was loaded and operated pursuant to the terms of said trip lease agreement on the trip from Brooklyn, N. Y., to Washington, N. C., and while being so operated came into collision with the automobile of plaintiff at the intersection of U. S. Highway 17 and U. S. Highway 13, and (2) that such collision was the result of negligence of the operator of the truck.

Plaintiff further alleges in his complaint that "the defendant, under said agreement assumed direction and control of the aforesaid leased vehicle and full responsibility to the public, shippers and consignees for its operation," and on the trial offered in evidence the trip lease agreement containing the provisions hereinabove set forth.

There was judgment as of nonsuit at close of all the evidence. Plaintiff appeals therefrom to Supreme Court, and assigns error.

*J. Henry LeRoy for plaintiff, appellant.*

*R. Clarence Dozier and John H. Hall for defendant, appellee.*

Winborne, J.  The parties do not debate in this Court the question as to sufficiency of the evidence, offered on the trial below, to take the case to the jury as to actionable negligence.  The sole question for decision is whether there is evidence tending to show the relationship of master and servant between the driver of the truck covered by the trip lease agreement, and the defendant at the time of, and in respect to the collision.

The relationship between the driver of the truck and the defendant is determinable, in the main, from the terms of the trip lease agreement. This is a question of law under applicable principles of law.

It is generally held that the relationship of master and servant is created when the employer retains the right to control and direct the manner in which the details of the work are to be executed and what the laborer shall do as the work progresses.  See *Hayes v. Elon College,* 224 N. C., 11, 29 S. E. (2d), 137, where the authorities are assembled. "The vital test is to be found in the fact that the employer has or has not retained the right of control or supervision over the contractor or employee as to the details," *Barnhill, J.,* in the *Hayes case, supra.*

In the light of this principle it is seen from the terms of the trip lease agreement that the defendant, as lessee of the truck, expressly assumed "direction and control of the leased vehicle and full responsibility to the public, shippers, and consignees, for its operation."  Moreover, defendant agreed to display on the truck *indicia* showing that it was being operated by defendant.  The language is sufficiently broad to give to the defendant the full control and direction of the operation of the truck for the duration of the trip.  It is true it was agreed that the name of the driver of the leased truck would be kept on the pay roll of the lessor, the owner of the truck.  But it is manifest that this was for the purpose of providing for "deduction and payment of all pay roll deductions, etc., due by reason of payment of wages or other earnings of the driver or any helper utilized in the operation of the leased vehicle, without the transfer to the lessee's pay roll."  Such an arrangement does not nullify the legal effect of the action of defendant in assuming the control and direction of the operation of the truck and "responsibility to the public . . . for its operation."  See *Shapiro v. Winston-Salem,* 212 N. C., 751, 194 S. E., 479.  Furthermore, it is set out in the trip lease agreement that the compensation to be paid by the lessee to the lessor covered "the services of the driver."

Thus, holding as we do, that there was error in withholding the case from the jury, other principles of law advanced by appellant need not be considered.

The judgment below is

Reversed.