## WAR EMERGENCY CO-OP. ASS'N v. WIDENHOUSE et al.

### No. 5749.

Circuit Court of Appeals  
Fourth Circuit.

Aug. 14, 1948.

R. Hoyle Smathers, of Charlotte, N. C., and J. Bat Smathers, of Asheville, N. C. (Smathers, Smathers & Carpenter, of Charlotte, N. C., and Smathers & Meekins, of Asheville, N. C., on the brief), for appellant.

· Luther T. Hartsell, Jr., and John Hugh Williams, both of Concord, N. C., for appellees.

Before PARKER and DOBIE, Circuit Judges, and WATKINS, District Judge.

PARKER, Circuit Judge.

This is an appeal in three actions for damages tried in the court below by the judge without a jury. The defendant, War Emergency Cooperative Association, is a motor carrier licensed by the Interstate Commerce Commission to transport gasoline in interstate commerce. Plaintiffs are persons whose property was damaged when one of the trucks operated under defendant's license exploded as a result of the negligence of the driver while operating it. One of the plaintiffs, A. C. Widenhouse, was the owner of the truck which exploded and the employer of the driver; and the explosion occurred while the truck was delivering gasoline to Widenhouse's filling station. There was no question as to the negligence involved or as to damages, but only as to defendant's responsibility. The District Judge held the defendant liable in all three cases and it has appealed. In A. C. Widenhouse's case its contention is that there is no liability on its part, in the other cases that it should have judgment over against Widenhouse, who was brought in as third party defendant, on the ground that in those cases its liability is secondary to his.

There is no dispute as to the facts. The truck which exploded was owned and operated by Widenhouse. He and a number of other truckers chartered the defendant War Emergency Cooperative Association, in order that they might obtain a license to operate their trucks in interstate commerce, and executed leases to that corporation of trucks which they themselves continued to operate. The defendant obtained the license in its name, and the trucks were operated thereunder with license and permit numbers issued to it. Defendant, however, had nothing to do with the operation of the trucks, except that it collected from customers the transportation charges which the trucks earned; and these it remitted to the truck owners after deducting a small percentage (5% or less) to cover insurance and other expenses. Cargo, property damage and public liability insurance was taken out on the trucks and their cargoes in the name of defendant and the premiums were deducted from the remittances made to the truck owners.

Widenhouse was operating a number of trucks under the above arrangement, among them the truck which exploded and caused the damage complained of in the several suits. The driver of this truck was employed and paid by Widenhouse, who had complete control over what he did and gave orders and directions not only as to what duties he was to perform but also as to how he was to perform them. At the time of the explosion, he was engaged in hauling gasoline which Widenhouse had directed him to haul with explicit directions as to where he was to get the gasoline, where he was to spend the night, and in what order he was to make deliveries. This business had come to Widenhouse, not to defendant; and defendant did not know that Widenhouse had received it. The lease between Widenhouse and defendant provided that the latter should engage and use qualified employees in operating the trucking equipment and should "direct, control and manage the use thereof as if the title to same were vested in it"; but no one paid any attention to this provision, at least so far as the truck here involved is concerned; and defendant did not know whom Widenhouse had employed as driver. Widenhouse testified before the state compensation commission that the driver, who was killed in the explosion, was his employee, and compensation was awarded on that basis.

Some question arises as to whether Widenhouse may properly be described as an independent contractor, in view of the fact that the business in which he was engaged was his own business and defendant was little more than an agent for him and the truckers associated with him; but, whatever view be taken of this, there can be no question that the driver of the truck was the employee of Widenhouse, working for him at the time, and not the employee of defendant. We think, however, that the true position of Widenhouse was that of independent contractor. The defendant was a real corporation holding the license

under which interstate transportation was conducted, collecting the charges for this transportation, effecting cargo and other insurance and keeping the records and handling the funds which these matters necessitated. Widenhouse and the other truckers did the hauling involved in this transportation under contract with the defendant, furnishing the necessary trucks and drivers and supervising their operation. Widenhouse was not an employee of defendant, and in operating the trucks neither he nor his drivers were subject to the defendant's directions. The rule applicable is well stated by Mr. Justice Barnhill in Hayes v. Board of Trustees of Elon College, 224 N.C. 11, 29 S.E.2d 137, 140, as follows:

"When one exercising an independent employment contracts to do a piece of work according to his own judgment and methods, and without being subject to his employer except as to the result of the work, and who has the right to employ and direct the action of the workmen, independently of such employer and freed from any superior authority in him to say how the specified work shall be done or what laborers shall do as it progresses, he is clearly an independent contractor. The vital test is to be found in the fact that the employer has or has not retained the right of control or superintendence over the contractor or employee as to details."

See also Brown v. L. H. Bottoms Truck Lines, 227 N.C. 299, 42 S.E.2d 71; Wood v. Miller, 226 N.C. 567, 39 S.E.2d 608; Beach v. McLean, 219 N.C. 521, 14 S.E.2d 515, 518; Bryson v. Gloucester Lumber Co., 204 N.C. 664, 169 S.E. 276; H. E. Wolfe Const. Co. v. Fersner, 4 Cir., 58 F.2d 27; Malisfski v. Indemnity Ins. Co. of North America, 4 Cir., 135 F.2d 910, 912; Venuto v. Robinson, 3 Cir., 118 F.2d 679; Hodges v. Johnson, D.C. 52 F.Supp. 488. As said by this Court in Malisfski v. Indemnity Ins. Co. of North America, supra:

"We find that liability for the acts of the driver of a car or truck, who is employed by the owner but is serving a hirer at the time, has been the subject of many and sometimes conflicting decisions. See annotation 42 A.L.R. 1416 et seq. and cases there cited. The rule to be deduced from these is the rule ordinarily applied in determining whether a servant is to be deemed the servant of him for whom work is done or of an independent contractor, i.e. he is the servant of him who has the right to control not merely results but the progress and details of the work and the manner in which it is done. If the driver is not subject to the control of the hirer of the vehicle in the performance of the work, he is deemed the servant of the owner, even though the hirer may have the power of directing him when and where to go and what to bring or carry. Craige v. Austin Powder Co., 4 Cir., 91 F.2d 664; Driscoll v. Towle, 181 Mass. 416, 63 N.E. 922; Quarman v. Burnett, 6 Mees. & W. 499."

We agree with the District Judge that, so far as shippers and the general public are concerned, the defendant having accepted a license authorizing it to operate gasoline trucks upon the public highways in interstate commerce, must be held responsible for the operation of the trucks under the license, even though this is done through the agency of independent contractors. A. L. I. Restatement of Torts sec. 428; note 28 A.L.R. 122, 123; Brown v. L. H. Bottoms Truck Lines, supra, 227 N.C. 299, 42 S.E.2d 71; Waters v. Greenleaf-Johnson Lumber Co., 115 N.C. 648, 20 S.E. 718; Venuto v. Robinson, 3 Cir., 118 F.2d 679; Kemp v. Creston Transfer Co., D.C., 70 F.Supp. 521, 534; Hodges v. Johnson, supra, D.C., 52 F.Supp. 488. The matter was fully considered by Judge Barksdale in the case last cited and the principles of his decision were adopted by the Supreme Court of North Carolina in Brown v. L. H. Bottoms Truck Lines, supra, 227 N.C. 299, 42 S.E.2d 71, 76, where the court said with reference thereto:

"The court held, in an opinion by Judge Barksdale, that while under the general rule Johnson would be regarded as an independent contractor relieving Jocie of liability for his negligence, under the facts disclosed 'public policy requires that the holder of a franchise or certificate from the Interstate Commerce Commission for the operation of freight vehicles in interstate commerce upon the public highways

be held responsible for the operation of such vehicles under said franchise or certificate, by independent contractors of such certificate holders, their servants and agents. Otherwise, the public might be entirely deprived of the safeguards to the public required by the Interstate Commerce Commission, by means of certificate holders evading their responsibility by the employment of irresponsible persons as independent contractors.' "

■ It follows that, with respect to the plaintiffs Marie Widenhouse and D. C. Beard, the recoveries of damages against defendant must be sustained. Those plaintiffs were members of the general public. Negligence in the operation of a truck under the franchise granted defendant had resulted in damage to their property. Even though the truck was being operated by an independent contractor, defendant was liable for the damage.

■ Plaintiff A. C. Widenhouse, however, is in a different situation. The damage which he suffered resulted from the negligence of his own employee, not of an employee of defendant; and no principle of estoppel operates to relieve him of responsibility for that negligence or to impose liability therefor on the defendant. The estoppel operating in behalf of the general public to prevent the holder of the license from denying responsibility for damage resulting from operations conducted thereunder by an independent contractor manifestly cannot be extended to protect the independent contractor himself from responsibility for his own negligence or that of employees whom he directs and controls, for the simple reason that no one may recover on account of his own wrong. Both Widenhouse and defendant were responsible to third persons for damage resulting from the negligence of the driver of the truck; but defendant is not responsible to Widenhouse, since the damage of the latter resulted from the negligence of his own employee for which he is responsible. See Rawson v. Jones-Winifrede Coal. Co., 100 W.Va. 263, 130 S.E. 492, 43 A.L.R. 330.

■ It is argued that the driver of the truck should be held the employee of defendant and not of Widenhouse because the rules of the Interstate Commerce Commission require that leased vehicles be operated by employees of the licensed operator, because the written contract between Widenhouse and defendant provides that defendant shall direct, control and manage the use of the truck and because liability insurance was carried by the defendant. None of these things, however, nor all of them taken together, furnish any reason for ignoring the true relationship existing between the parties or for allowing Widenhouse to recover from defendant for damage caused by the negligence of his own employee. The rule of the Commission relied on is for the protection of shippers and others affected by the operation of trucks under the license, not for the protection of those who engage with the licensee in such operation in violation of the rule. As for the contract provision, it was not observed, and manifestly cannot affect the question of liability, which is to be determined by the real relationship of the parties. See Young v. Fosburg Lumber Co., 147 N.C. 26, 60 S.E. 654, 16 L.R.A.,N.S., 255. The liability insurance was to protect those operating the trucks against claims for damage on the part of the public, not to protect the operators against damage which they themselves sustained from the operation. The taking out of such insurance did not change the nature of the relationship although it was evidence to be considered as bearing thereon. See 27 Am.Jur. p. 503; note 85 A.L.R. 784, 788; Davis v. North Carolina Shipbuilding Co., 180 N.C. 74, 104 S.E. 82.

■ We come then to the question as to whether defendant may have judgment over against Widenhouse for the judgments rendered in favor of the other plaintiffs. We are disposed to agree with the contention that the primary liability for the explosion rests upon Widenhouse, and that, since defendant is liable to Marie Widenhouse and Beard only because the truck was operated under its license, its liability should be treated as secondary, with recovery over, in the absence of some countervailing equity. Gregg v. City of Wilmington, 155 N.C. 18, 24, 70 S.E. 1070, 1073; Travelers' Ins. Co. v. Great Lakes

Engineering Works Co., 6 Cir., 184 F. 426, 431, 36 L.R.A.,N.S., 60; Gray v. Boston Gas Light Co., 114 Mass. 149, 19 Am.Rep. 324. There is a countervailing equity here, however; and it is to be remembered that the right to recover over rests entirely upon equitable principles. Taylor v. J. A. Jones Const. Co., 195 N.C. 30, 141 S.E. 492. Defendant under agreement with Widenhouse covered the truck with property damage and public liability insurance. This was for the benefit of Widenhouse and the premiums were charged against collections made in his behalf. Defendant thus assumed responsibility for claims arising out of the operation of the truck; and neither it nor the insurance company covering the risk should be heard to ask recovery over against Widenhouse for claims which the insurance was to cover.

For the reasons stated, the judgment in favor of A. C. Widenhouse will be reversed; the judgments in favor of Marie Widenhouse and D. C. Beard will be affirmed.

Affirmed in part.

Reversed in part.