OSBORNE ECKARD v. THURMAN R. JOHNSON AND RAYMOND W. JOHNSON T/A JOHNSON BROTHERS TRUCKING CO., AND HARVEY C. BRADY.

(Filed 7 May, 1952.)

Carriers § 5: Master and Servant §§ 13, 22b: Automobiles § 24b—Lessee of truck for trip in interstate commerce may not be held liable for accident occurring after truck had been returned to lessor's place of business.

Where the evidence discloses that the trip in interstate commerce for which a truck was leased had been completed and the truck returned empty to the lessor, and that the injury in suit occurred thereafter while lessor was on a trip to lessee's place of business to deliver the freight bill and collect his compensation; *held:* The interstate carriage for which lessee's franchise was necessary had terminated and the use of the truck for the trip in question was not required, and therefore lessee may not be held responsible under the doctrine of *respondeat superior.*

APPEAL by plaintiff from *Burgwyn, Special Judge,* Extra Civil Term, 1952, of MECKLENBURG. No error.

This was an action to recover damages for a personal injury alleged to have been caused by the negligence of the defendants.

The plaintiff alleged that while he was at work near the highway between Conover and Hickory he was struck and injured by one of the rear dual wheels of defendant Brady's motor truck. It was alleged that the wheel came off while the truck was being driven along the highway by defendant Brady, that this was due to the negligent manner in which the wheel had been put on and secured, and that at the time defendant Brady was agent and employee of his codefendants Johnson and acting within the scope of his employment.

Defendant Brady did not answer and did not appeal from the judgment on the verdict fixing him with damages for plaintiff's injury.

As to the liability of the defendants Johnson, the court submitted the following issue: "2. On the occasion in question was the defendant Brady

the agent of defendants Thurman R. Johnson and Raymond W. Johnson and acting within the scope of his employment." To this issue the jury for their verdict answered, "No."

From judgment that plaintiff recover nothing from defendants Johnson, the plaintiff appealed.

*G. T. Carswell and Shannonhouse, Bell & Horn for plaintiff, appellant.*
*McDougle, Ervin, Horack & Snepp for defendants, appellees.*

DEVIN, C. J. Plaintiff's appeal brings up for decision the question of the liability of the defendants Johnson for the injury sustained by the plaintiff as result of the negligence of defendant Brady. There was no controversy as to the material facts. At the time of the transactions herein complained of the defendants Johnson, residents of Elkin in Surry County, were engaged in business as carriers of freight by motor trucks and were duly licensed as interstate carriers by the Interstate Commerce Commission. They also maintained a warehouse and office in Hickory.

The defendant Brady was a resident of Conover in Catawba County, self-employed, and owned a ton and a half Chevrolet truck. His driver was one Gene Hester. Brady had no permit for interstate hauling.

On 25 September, 1947, defendants Johnson engaged defendant Brady to haul a truck load of furniture from Conover to Richmond, Virginia, and entered into a trip-lease agreement whereby the truck of Brady driven by Hester was enabled to transport the shipment of furniture in interstate commerce under the license of defendants Johnson. By this lease agreement it was stipulated that Brady agreed to furnish the truck and bear the expense of the operation in consideration of 80% of gross freight to be paid by the Johnsons. In addition the lease contained these pertinent provisions: "2. This lease is made for the purpose of moving one lot of freight from Conover, North Carolina, to Richmond, Virginia. . . . 3. This lease becomes effective September 25, 1947, and terminates upon completion of delivery to the consignee of the freight at final destination. . . . 7. During the effective period of the lease, the possession and control of the leased equipment shall be entirely vested in the party of the second part (Johnson), and the said party of the second part will have complete supervision of the operation. Public liability, property damage insurance and cargo insurance are provided under blanket policies. For the duration of this lease, the drivers shall be deemed to be in the employment of the party of the second part."

According to the testimony of Brady, offered by plaintiff, the delivery of the freight to the consignee was completed by Brady's driver and the truck returned empty to Conover. Brady's driver was under instruction to secure a return load if possible, but this was not done on this occasion.

The truck was returned to Brady in Conover 27 September, but Brady did not recall whether it came the night before or that morning. He said the truck may have been there 8 to 18 hours, when he, Brady, undertook to drive the truck to Hickory. It was on this trip to Hickory that the wheel came off and injured the plaintiff. Brady testified he went to Hickory to collect his pay for the trip and to check the freight bill, that he had on occasion sent freight bills by mail. There was no provision in the lease agreement requiring Brady to drive the truck to Hickory, nor was there request from defendants Johnson that he do so. Brady had previously leased his truck to the Johnsons for numerous other interstate trips.

The plaintiff bases his right to recover against defendants Johnson on the ground that when these defendants leased Brady's truck and used it under their Interstate Commerce Commission license to haul freight in interstate commerce, they could not avoid liability for the negligence of the driver of the leased truck, even after delivery and on return trip, until the truck returned to its point of origin and the interstate transaction was completed, which included the return of the freight bill to defendants Johnson in Hickory. Plaintiff embodied this view in appropriate prayers for instruction based on *Brown v. Truck Lines,* 227 N.C. 299, 42 S.E. 2d 71, and *Hodges v. Johnson,* 52 F. Sup. 488. Pressing this view of the legal consequence of the trip-lease transaction, plaintiff requested the court to charge the jury as follows: "If you find from the evidence and by its greater weight that on the occasion in question defendant Harvey C. Brady, in returning the freight bills to the Hickory terminal of Johnson Bros. Trucking Company, was performing a necessary function as a part of an interstate haul to Richmond, Virginia, which he was making for the defendants Johnson under their Interstate Commerce Commission permit, then it would be your duty to answer the second issue yes."

The court did not charge in the language requested, but did charge the jury that before they could answer the issue "Yes" they must find from the evidence and by its greater weight that Brady was at the time of the injury the agent and employee of defendants Johnson, and that Brady's action in driving the truck was done in the prosecution of the business of the Johnsons, and that the act was connected with some mission or the performance of some service for the Johnsons, and was necessary to complete the purpose of his employment and so intended. The jury answered the issue "No."

If we accept the plaintiff's view that the legal effect of the trip-lease agreement was to constitute Brady the agent and employee of defendants Johnson not only for the haul to Richmond, but also for the return journey to Conover, notwithstanding the provision in the lease that it terminated upon completion of delivery to consignee at final destination, the

determinative question still remains whether in subsequently driving the truck to Hickory to collect his pay and check freight bill Brady continued to occupy the relationship of employee of defendants Johnson and was acting in the scope of that employment. Was the interstate trip complete and the employment ended, or did the trip-lease agreement extend the employment to include driving to Hickory for the collection of pay and the delivery of freight bills?

In *Brown v. Truck Lines, supra,* the facts were that under the terms of a similar trip-lease agreement Brown, the driver of the leased truck, was injured and killed while en route to deliver the freight to the consignee. It was held that for the purpose of that trip Brown was the employee of the lessee, and that his dependents were entitled to compensation under the Workmen's Compensation Act. In the opinion this Court cited the case of *Hodges v. Johnson,* 52 F. 2d 488, in which it was held that under a similar trip-lease agreement the relationship of employer and employee continued during the return trip, and that the lessee was liable for injury caused by the negligence of the driver of the truck.

The plaintiff excepted to the refusal of the court to hold that Brady at the time of the injury complained of, as an independent contractor, was employed by defendants Johnson under their Interstate Commerce Commission license to carry on an activity involving unreasonable risk of harm to others, which could only be carried on under the franchise granted, and that this imposed liability on the employer for the negligence of the contractor employed to carry on this activity (Restatement Law of Torts, sec. 428). Plaintiff also excepted to the court's refusal to submit an issue embodying this view. But we do not think this principle of law is applicable here. The injury complained of did not occur while goods were being transported in Brady's truck in interstate commerce under Johnson's franchise. The injury was sustained while Brady was driving the empty truck along a North Carolina Highway some time after the freight had been delivered and the truck returned to the place of origin. *Costello v. Smith,* 179 F. Supp. 715 (718). Nor should the Court characterize the driving of an empty ton and a half truck along the highway as an activity involving unusual or unreasonable risk of harm to others.

The principle is firmly established that when a common carrier of freight by motor vehicles in interstate commerce lends the protection of his franchise to the vehicle of an independent contractor for a specified carriage, he may not be permitted to avoid responsibility for injuries resulting from the performance of the delegated authority. But this principle may not be extended to impose liability for the negligence of an independent contractor after the reason for the rule has ceased to exist. *Brown v. Truck Lines, supra; Wood v. Miller,* 226 N.C. 567, 39 S.E. 2d 608; *Motor Lines v. Johnson,* 231 N.C. 367, 57 S.E. 2d 388; *Roth v.*

*McCord,* 232 N.C. 678, 62 S.E. 2d 64; *Costello v. Smith, supra; Virgil v. Riss & Co.,* 241 S.W. 2d 96; *Cotton v. Ship-By-Truck Co.,* 337 Mo. 270.

Except as modified by the trip-lease agreement under the Interstate Commerce Commission regulations as set out in the record, the relationship of Brady to Johnson was always that of an independent contractor. *Jones v. Tobacco Co.,* 231 N.C. 336, 56 S.E. 2d 598; *Wood v. Miller, supra; Hayes v. Elon College,* 224 N.C. 11, 29 S.E. 2d 137.

Brady's truck, for the purpose of the interstate transportation, was by virtue of the trip-lease agreement under the supervision and control of the interstate franchise carrier. Brady's relation to the transaction during this period ceased to be that of an independent contractor and became that of a servant or employee of the defendant, for the reason that Brady could only operate in interstate transportation under the authority of the interstate franchise carrier, and the Johnsons could not escape liability by engaging an independent contractor to carry on this activity for them. For injury to third persons caused by the negligence of the driver of the leased truck, during the period of the lease, the franchise carrier which authorized the activity of the truck could not avoid liability. By virtue of the lease agreement, for the designated period, the truck remained under the supervision and control of the lessee for the limited purpose of safety to the public and safe delivery of the shipment. *Virgil v. Riss & Co., supra.*

While the lease agreement provided only for transportation of the cargo from Conover to Richmond, the plaintiff urges the view that its scope was not limited by the delivery of the goods in Richmond as it was in the contemplation of the parties to the lease that the truck would necessarily have to be returned to Brady at Conover before the transaction could be regarded as finished. This was the view of the Supreme Court of Missouri in *Cotton v. Ship-By-Truck Co.,* 337 Mo. 270, where it was held that the liability of the lessee did not end with the completion of the journey. *Hodges v. Johnson,* 52 F. 2d 488.

In *Costello v. Smith,* 179 F. Supp. 715, it was held that the franchise carrier lessee was not liable for an injury caused by the driver of the leased truck on the return trip, but it will be noted that the lease in that case specifically provided that upon discharge of the load at destination the lessee would immediately "deliver said vehicular equipment into the possession of the lessor or its agent at the point of discharge and all obligations and responsibilities of the lessee under the terms of this lease shall immediately cease."

If Brady's driver Eugene Hester had been able to secure a return load, admittedly his agency and employment by defendants Johnson would have ended. Brady was Johnson's employee only for the purpose of the

interstate transportation. His employment and authority to bind Johnson expired with the accomplishment of that purpose.

Whether the lease terminated at Richmond or Conover, it is apparent that the trip contemplated by the lease had come to an end when the driver of the leased truck having delivered the cargo to the consignee returned the empty truck to the point of origin in Conover. Johnson's right of control or supervision of the transportation of the truck had ceased. The interstate carriage for which Johnson's franchise was necessary was ended. At the time of the plaintiff's injury Brady was using the truck for a trip to Hickory to receive his pay and check freight bills. We perceive no valid ground for holding that the relationship which the law created for the Virginia trip by the use of Johnson's permit continued thereafter to characterize Brady's activity on this trip to Hickory. His trip to Hickory to check the freight bill and collect his pay was in his own interest rather than in the service of Johnson. For this purpose the use of the truck was not required.

There was no controversy as to the essential facts. The verdict of the jury on the issue submitted, to the effect that on the occasion of plaintiff's injury Brady was not engaged in the performance of a service or mission for defendants Johnson, decided what the court might well have determined by sustaining defendants Johnson's motion for nonsuit, or by a peremptory instruction. In any event no legal harm has resulted to the plaintiff from the ruling of the court below. The action of the court in leaving the matter to the jury in the form submitted was the most the plaintiff could ask. He cannot now complain that the court failed to give a more peremptory instruction in his favor. In this view the exceptions to the charge brought forward in plaintiff's assignments of error cannot be sustained.

Plaintiff's recovery for his injury as against defendant Brady was not controverted, but his effort to establish liability therefor on the part of defendants Johnson must be held to have been precluded by the verdict and judgment. The result will not be disturbed.

No error.