ATLAS T. NEWSOME v. J. G. SURRATT, T/A S. & S. TRANSIT; FRED C. PORTER, AND JOCIE MOTOR LINES, INC.

(Filed 4 March, 1953.)

**1. Torts § 6: Contracts § 7e: Indemnity § 1—**

The rule that there can be no indemnity among joint tort-feasors does not apply to a party seeking indemnity who did not participate in the

negligent act, is not *in pari delicto*, but is liable only by reason of a duty or liability imposed by law as a matter of public policy.

**2. Same: Master and Servant § 11: Carriers § 14¾: Automobiles § 24e—**

The provision of a lease of a vehicle for operation under lessee's I.C.C. license plates in interstate commerce that lessor should indemnify lessee for any loss or damage resulting from the negligence, incompetency or dishonesty of the driver furnished by lessor, *is held* to entitle lessee to recover against lessor the damage resulting from the negligence of the driver in causing a collision with the automobile of a third person, for which damage lessee is liable to such third person as a matter of public policy *as a carrier* in interstate commerce, notwithstanding that lessor may be an independent contractor.

APPEAL by defendants Surratt and Porter from *Sharp, Special Judge,* December Term, 1952, of WILSON.

This is a civil action to recover for personal injuries sustained by the plaintiff resulting from the alleged negligence of the defendants.

The Jocie Motor Lines, Inc. (hereinafter called Motor Lines), filed an answer to the complaint and set up a cross-action against its codefendants, J. G. Surratt, trading as S. & S. Transit Company (hereinafter called Transit Company), and Fred C. Porter (hereinafter called Porter). The cross-action is bottomed on the terms of a lease between the Transit Company as lessor and the Motor Lines as lessee, the pertinent parts of which will be hereinafter set out.

The Motor Lines in its cross-action prayed for judgment over against the Transit Company and Porter for any loss it might sustain by reason of the matters and things alleged in the complaint.

When the cause came on for hearing, the parties waived a trial by jury and submitted the case to her Honor upon an agreed statement of facts including certain stipulations entered into by consent of counsel for all parties in a pre-trial conference.

The pertinent facts as stipulated and agreed upon are as follows:

1. That plaintiff is a resident of Wilson County; defendants J. G. Surratt and Porter are residents of Mecklenburg County; and the defendant Motor Lines is a corporation with its principal office in Charlotte, Mecklenburg County, N. C.

2. That, on 21 May, 1951, the plaintiff was injured in the collision described in the complaint, and has been damaged thereby in the sum of $6,000.00.

3. That the defendant Porter was negligent in the operation of the motor vehicle which he was driving, and his negligence was the sole proximate cause of plaintiff's injuries and damage.

4. That the truck involved in the collision was owned by the defendant Transit Company, and at the time of the collision was being driven and

operated by the defendant Porter who was a regular employee of the Transit Company.

5. That the truck of the Transit Company was being operated under a lease agreement between the defendant Transit Company and the defendant Motor Lines. The lease provided that the Transit Company, the lessor, "(e) Agrees to indemnify Lessee against (1) any loss resulting from the injury or death of such driver(s) and (2) any loss or damage resulting from the negligence, incompetence or dishonesty of such driver(s)." It was stipulated that the lease agreement between the Transit Company and the Motor Lines was duly executed by the respective parties, and that both are bound thereby.

6. That, at the time of the collision described in the complaint, the truck of the defendant Transit Company was being operated with I.C.C. license plates issued to the Motor Lines attached thereto and under authority of a certificate of license issued by the Interstate Commerce Commission to the Motor Lines.

7. That the collision complained of occurred on U. S. Highway No. 74, approximately 14 miles west of Wilmington, N. C., while the truck of the Transit Company was being used for the transportation of freight for the Motor Lines pursuant to the terms of the aforesaid lease agreement.

8. The consideration for the execution of the lease agreement referred to herein was that the defendant Transit Company was to receive 30 per cent of the freight charges for the load of freight then being transported in said truck, and that the defendant Motor Lines was to receive 70 per cent thereof.

On the facts as stipulated, the court entered judgment in favor of the plaintiff and against the defendant Motor Lines for $6,000.00, and that the defendant Motor Lines have and receive judgment over against its codefendants, the Transit Company and Porter, in the amount of $6,000.00 and the costs of the action. From this judgment the defendants Surratt and Porter appeal, assigning error.

*Carr & Gibbons, Goodman & Goodman, and Peter L. Long for defendants Transit Company and Porter, appellants.*

*Lucas & Rand and Z. Hardy Rose for defendant Motor Lines, appellee.*

*Gardner, Connor & Lee for plaintiff, appellee.*

DENNY, J. The determinative question raised by this appeal is simply this: Did the court below commit error by the entry of a judgment in favor of the Motor Lines over against its codefendants, the Transit Company and Porter, in the sum of $6,000.00 and the costs of the action? The answer must be in the negative.

It is a well settled rule of law that there can be no indemnity among mere joint tort-feasors. But this rule does not apply to a party seeking indemnity who did not participate in the negligent act, but is liable only by reason of a duty or liability imposed by law, or where the parties are not *in pari delicto* as to each other. *Gregg v. Wilmington,* 155 N.C. 18, 70 S.E. 1070; *Guthrie v. Durham,* 168 N.C. 573, 84 S.E. 859; *R. R. v. Guarantee Corp.,* 175 N.C. 566, 96 S.E. 25; *Power Co. v. Mfg. Co.,* 180 N.C. 597, 105 S.E. 394; *Bowman v. Greensboro,* 190 N.C. 611, 130 S.E. 502; *Taylor v. Construction Co.,* 195 N.C. 30, 141 S.E. 492; *Johnson v. Asheville,* 196 N.C. 550, 146 S.E. 229; *Clothing Store v. Ellis Stone & Co.,* 233 N.C. 126, 63 S.E. 2d 118; *Builders Supply Co. v. McCabe,* 366 Pa., 322, 77 A. 2d 368; *Rozmajzl v. Northland Greyhound Lines,* 242 Iowa 1145, 49 N.W. 2d 501; *Panhandle Gravel Co. v. Wilson* (C.C.A. Texas), 248 S.W. 2d 779; *War Emergency Co-Op Ass'n. v. Widenhouse,* 169 F. 2d 403, *certiorari* denied, 69 S. Ct. 300, 335 U.S. 898, 93 L. Ed. 433.

The appellants take the position that since the lease between the Transit Company, the lessor, and the Motor Lines, the lessee, provides that during the term of the lease the vehicle of the Transit Company "shall be solely and exclusively under the direction and control of the Lessee who shall assume full common carrier responsibility (1) for loss or damage to cargo transported in such motor vehicle and (2) for the operation of such vehicle," that this provision created the relation of master and servant between the Motor Lines and Porter, the driver of the truck. Therefore, they contend that the lessee and not the lessor is liable for the negligent acts of Porter, citing *Wood v. Miller,* 226 N.C. 567, 39 S.E. 2d 608, and *Brown v. Truck Lines,* 227 N.C. 299, 42 S.E. 2d 71.

In order to have a clear understanding of the duties and obligations of the respective parties under a lease agreement like the one under consideration, it is necessary to construe the lease in light of certain principles of law which are applicable to this class of contracts.

In the case of *Hill v. Freight Carriers Corp.,* 235 N.C. 705, 71 S.E. 2d 133, *Barnhill, J.,* in speaking for the Court with respect to a lease agreement similar in form to that under consideration, said: "Hence, as between the plaintiff and the defendant, purely in respect to their mutual contractual rights and liabilities, one to the other, the owner of the vehicle occupied the position of independent contractor. *Hayes v. Elon College,* 224 N.C. 11, 29 S.E. 2d 137; *Bass v. Wholesale Corp.,* 212 N.C. 252, 193 S.E. 1; *Hudson v. Oil Co.,* 215 N.C. 422, 2 S.E. 2d 26; *Beach v. McLean,* 219 N.C. 521, 14 S.E. 2d 515; *U. S. v. Trucking Co.,* 141 F. 2d 655. On the other hand, the vehicle was to be operated in interstate commerce in furtherance of the business of the lessee as a franchise carrier of freight. It was to be operated under the franchise and license plates of the lessee

in fulfillment of its contracts for transportation of freight in interstate commerce. Therefore, the person who actually operated the vehicle (whether the owner or a third party hired by him) was, as between the franchise carrier and the consignor, the consignee, and third parties generally, a servant or employee of the defendant. This is true in fact for he transported cargoes in behalf of the franchise carrier and dealt with the consignors, consignees, and the public generally as agent of the franchise carrier. Furthermore, public policy requires it to be so held."

Likewise, it seems to be unanimously held by the courts that where a public authority grants an individual or corporation the right to engage in certain activities involving danger to the public, which right is denied to the general public, the duty to protect the public while performing such franchise activities is legally nondelegable and the franchise holder is therefore responsible for the conduct of those who are permitted to act under such franchise, even though such persons be independent contractors. *Hodges v. Johnson,* 52 F. Supp. 488; *Brown v. Truck Lines, supra; Motor Lines v. Johnson,* 231 N.C. 367, 57 S.E. 2d 388; *Eckard v. Johnson,* 235 N.C. 538, 70 S.E. 2d 488; *War Emergency Co-Op Ass'n. v. Widenhouse, supra; Trautman v. Higbie,* 10 N.J. 239, 89 A. 2d 649; *Zimmerman v. Mathews Trucking Corp.,* 105 F. Supp. 57; *Venuto v. Robinson,* 118 F. 2d 679; *Costello v. Smith,* 179 F. 2d 715, 16 A.L.R. 2d 954; *Barry v. Keeler,* 322 Mass. 114, 76 N.E. 2d 158; *Carter v. E. T. & W. N. C. Transp. Co.* (Tenn. App.), 243 S.W. 2d 505; *Eli v. Murphy* (Cal.), 248 P. 2d 756; *Aetna Casualty & Surety Co. v. Prather,* 59 Ga. App. 797, 2 S.E. 2d 115.

It is stated in 57 C.J.S., Master and Servant, section 591, page 368, "An individual or a corporation cannot evade liability for negligence by delegating performance of work to an independent contractor where such individual or corporation is carrying on an activity, involving danger to others, under a license or franchise granted by public authority and subject to certain obligations or liabilities imposed by public authority."

We have held that when an interstate franchise carrier executes a lease or contract by which its equipment is augmented and used as one of its fleet of trucks under its franchise and with its license plates attached thereto, the holder of the franchise is responsible for the operation of the truck in so far as third parties are concerned. *Brown v. Truck Lines, supra; Wood v. Miller, supra; Motor Lines v. Johnson, supra; Eckard v. Johnson, supra.* We have likewise held that the franchise carrier in such cases is also liable to the driver of such truck for any injury that may arise out of and in the course of his employment within the purview of our Workmen's Compensation Act, and that the driver of such leased vehicle is not bound by any provision in the lease to the contrary. *Brown v. Truck Lines, supra; Roth v. McCord,* 232 N.C. 678, 62 S.E. 2d 64.

The liability thus imposed on interstate franchise carriers is to prevent such carriers from evading their responsibility by the employment of irresponsible persons as independent carriers. *Hodges v. Johnson, supra; War Emergency Co-Op Ass'n. v. Widenhouse, supra.* However, as pointed out by *Parker, J.,* in the last cited case, the liability of the franchise carrier was secondary, and in the absence of some countervailing equity, the carrier is entitled to recover over against the owner of the leased truck.

In the instant case, the owner's regular driver was in charge of the Transit Company's truck, and in reality of course the only thing that the franchise carrier did was to tell him where to go and what to bring or carry. And the duty imposed by law with respect to third parties in no way interfered with the right of the lessor to agree to indemnify the lessee for any loss it might sustain as a result of the negligence, incompetence or dishonesty of any driver which the lessor might furnish to operate the leased truck. Here it is conceded that the negligence of Porter, the driver furnished by the Transit Company, was the sole proximate cause of the plaintiff's injuries and damage.

The appellants also rely on the case of *Hill v. Freight Carriers Corp., supra,* to support the view that a party cannot exculpate himself from liability for his own negligence. In that case, however, the cause of action arose in the State of Georgia and involved an injury to a driver furnished by the lessor to operate the leased truck. Such driver was injured by the negligence of an employee of the lessee. The rights and liabilities of the parties were determinable under the statutory law of the State of Georgia. The case is not in point or controlling on the facts involved in this appeal.

The judgment of the court below is

Affirmed.