AMERICAN FIDELITY and CASUALTY CO., Plaintiff,

v.

Huston L. SIMMONS and Thomas C. Wall, Defendants.

Civ. No. 536–WS.

United States District Court
M. D. North Carolina.
July 28, 1957.

**659**

Deal, Hutchins & Minor, Winston Salem, N. C., for plaintiff.

Folger & Folger and Barber & Gardner, Mount Airy, N. C., for defendants.

HAYES, District Judge.

The American Fidelity and Casualty Co., afterwards referred to as American, brought this action against Huston L. Simmons, afterwards referred to as Simmons, for the recovery of $36,151.94 and $18 court cost which American expended in settlement of an accident in which Simmons' equipment was involved while being used by American's insured, Webb Transfer Lines, Inc., afterwards referred to as Webb.

Webb operated under a permit from the Interstate Commerce Commission, an interstate trucking operation, hauling tobacco from Rogersville, Tenn., to Reidsville, N. C., a distance of 200 miles. The operation was seasonal. The federal law and regulations prohibited such transportation without the permit and also required the authorized carrier to provide public liability insurance against personal injury and property damage and cargo insurance. 49 U.S.C.A. § 315.

Webb, not having sufficient equipment of its own in the rush season, hired Simmons' tractor and trailer and a driver to be approved by Webb, under a written lease dated Dec. 8, 1951.

Among other provisions, this lease states that the lessor leases and delivers possession and control of named equipment to lessee; the maintenance in good repair and expenses of operation including taxes assessed against the equipment are to be paid by lessor and lessor is "Y assume all responsibility to indemnify lessee against liability for work done, for materials used or purchases in discharge of lessor's obligation;" the equipment is to be operated by lessor; "lessee agrees to procure liability and property damage and cargo insurance as required by law for the operation of the foregoing equipment for the duration of the lease, but it will not procure any fire, theft or collision insurance on said equipment, the latter being left entirely to lessor"; "for the duration of the lease there shall be affixed to both sides of said equipment signs furnished by lessee showing carrier's name, address, certificate or permit numbers * * * and during this lease said equipment shall not be operated for hire except for lessee"; the lease can be terminated by either party by giving 30 days' notice.

Webb procured insurance from plaintiff against the equipment described in the lease, said policy contains the usual protection required of such carriers by the Interstate Commerce Commission which policy and riders attached covered Webb's equipment and equipment hired by Webb. The premium was based on gross receipts.

On Dec. 13, 1951, while the equipment was being used in accordance with the lease in hauling tobacco from Rogersville, Tenn., to Reidsville, N. C., and on its returning to Rogersville to pick up another load as directed by Webb, it collided with a vehicle driven by John L. Jeffries, demolishing his vehicle and inflicting serious permanent injury on him. It is conceded that American in good faith paid $36,151.94 and $18 court cost to settle his damages.

It is the contention of American that Webb would be entitled to indemnity from Simmons because the agent and employee of Simmons was driving the equipment and that American having paid the damages for Webb is subrogated to Webb's right to recover against Simmons.

In the view we take of this case, it is unnecessary to decide the rights between Webb and Simmons in the absence of a contract, because the lease here clearly defines the rights between them. The contract appears to be a standard form and presumably prepared by Webb who is the interstate carrier; the evidence shows that Simmons was not an interstate carrier licensed by the Interstate Commerce Commission. The contract plainly provides that the equipment can be used for him only for lessee during the existence of the lease and engaged in carrying interstate commerce in compliance with federal laws and regulations. It is further agreed that lessee shall obtain the required insurance covering the operation and it is stipulated that lessee was to retain 20% of the gross earnings of the equipment and lessor was to have 80%. It is significant that the contract specifies that lessee shall procure the public liability insurance but fire, theft and collision insurance on the equipment is left entirely to the lessor. The writing properly interpreted clearly shows that the public liability is to protect the equipment for both and the cost is to be paid by the lessee out of the hired equipment's earnings, but if other insurance to the equipment is desired, it is left to the option of the lessor and at his expense. The lease does not warrant an implication that the insurance carrier would have redress against lessor or lessee for indemnity.

Moreover, indemnity was in the minds of the parties as shown by the lease. It specifies that the lessee shall be indemnified by lessor for payment for work or materials which lessor was obligated to pay. Had it been in the contemplation of the parties that the insurance would protect only the public and Webb with the right of indemnity to the lessee by the lessor, it would have been inserted in the contract. The inclusion of indemnity for comparatively minor expenditures and omission of indemnity in respect of insurance warrants the construction that no indemnity for insurance was contemplated or permitted. It would do violence to the written contract to imply a contract of indemnity in favor of lessee.

 Both reason and law deny Webb recourse for indemnity against Simmons due to the terms of the contract between them. American's cause of action is predicated upon the doctrine of subrogation to the rights of its insured. Under the facts in this case it would be just as appropriate to make Webb indemnify the insurance as it would to exact it from Simmons. To all intents and purposes, and especially in respect to public liability insurance required of carriers for hire in interstate commerce, the hired equipment and the driver thereof are the property and agent of Webb. Liverman v. Cline, 212 N.C. 43, 192 S.E. 849; Shapiro v. City of Winston-Salem, 212 N.C. 751, 194 S.E. 479; Brown v. Bottoms Truck Lines, 227 N.C. 299, 42 S.E. 2d 71; Wood v. Miller, 226 N.C. 567, 39 S.E.2d 608; Hill v. Carolina Freight Carriers, 235 N.C. 705, 71 S.E.2d 133.

The plaintiff relies on Newsome v. Surratt, 237 N.C. 297, 74 S.E.2d 732. But the lessee was allowed to recover of lessor because the contract between them expressly provided that *lessor would indemnify lessee for all loss or damage resulting from the negligence of the driver (lessor's).* There is no such provision in the lease in the instant case. Hence the Surratt case does not support the present plaintiff. When viewed in the light of the other cases cited above, the decision does not abrogate the general principle that the driver of the leased vehicle is the agent of the lessee, if the vehicle, at the time of the accident, is actually performing an act under the control and direction of lessee, and this court is required to apply the law of this

State in this case. Simmons is not liable to Webb for the negligence of Wall, the driver.

▓ The plaintiff received its premium to cover this loss. It attached the hired vehicle and gross receipts endorsement. It recognized its liability under the policy by paying the loss when Webb was sued. This premium was determined on the basis of the gross earnings of the equipment and its driver. The policy was to protect the public, the lessor and lessee against this operation. Therefore its claim based on equitable grounds is without merit. War Emergency Co-op. Ass'n v. Widenhouse, 4 Cir., 169 F.2d 403, 408. From this case we quote the last sentence:

"Defendant under agreement with Widenhouse covered the truck with property damage and public liability insurance. This was for the benefit of Widenhouse and the premiums were charged against collections made in his behalf. Defendant thus assumed responsibility for claims arising out of the operation of the truck; and neither it nor the insurance company covering the risk should be heard to ask recovery over against Widenhouse for claims which the insurance was to cover."

▓ Item 6 of the lease contract between Webb and Simmons is as follows:

"Lessee agrees to procure liability and property damage and cargo insurance as required by law for the operation of the foregoing equipment for the duration of the lease, but it will not procure any fire, theft or collision insurance on said equipment the latter being left entirely to the lessor."

This paragraph clearly establishes an intention to cover the operation with liability, property damage and cargo insurance for the protection of lessor and lessee, but lessee is not to procure fire, theft or collision insurance, these being left entirely to the lessor. If Webb had failed to procure the insurance, he would have breached the contract and would have been liable in damages to Simmons resulting therefrom. Bank of French Broad, Inc., v. Bryan, 240 N.C. 610, 83 S.E.2d 485.