JOHN JONES v. HENDERSON TOBACCO CO., ET AL.

(Filed 14 December, 1949.)

**Automobiles § 24b—**

Where plaintiff's own evidence tends to show that one defendant merely loaded its tobacco on the truck of a common carrier and that it had nothing further to do with the transportation of the goods after the bill of lading had been given therefor, such defendant's motion to nonsuit on

the issue of *respondeat superior* in an action to recover for injuries received as a result of the alleged negligent operation of the truck, is without error.

Appeal by plaintiff from *Edmundson, Special Judge,* at May Term, 1949, of Richmond.

Civil action to recover damages for an alleged negligent injury resulting from a collision between a truck owned by Alton Brown, operated at the time by Leroy Eaddy, and a truck belonging to the Town of Rockingham upon which the plaintiff was riding as an employee of said Town at the time.

Alton Brown, an independent carrier by motor truck, was engaged by the Henderson Tobacco Company to transport a truck load of tobacco from Lake City, S. C., to Danville, Va., on or about 9 August, 1945. Following delivery of the tobacco in Danville and on the return trip, the empty truck, driven at the time by Leroy Eaddy, collided with a truck belonging to the town of Rockingham, Richmond County, N. C., within the limits of said town and injured the plaintiff, an employee riding on the town truck.

The plaintiff has sued Alton Brown, the carrier, and Leroy Eaddy, the driver of his truck, and also the Henderson Tobacco Company.

There was a verdict and judgment for plaintiff against Brown and his driver, and nonsuit entered as to the Henderson Tobacco Company.

Judgment of nonsuit was also entered in favor of Lev W. Brown, from which no appeal is prosecuted.

The plaintiff appeals from the judgment of nonsuit dismissing the action as to the Henderson Tobacco Company.

*Blackwell & Blackwell and Jones & Jones for plaintiff, appellant.*
*Bynum & Bynum for defendant, appellee.*

Stacy, C. J.   The plaintiff seeks to hold the Henderson Tobacco Company liable for his injuries on several theories, but his case is left without substance as against the Tobacco Company by the testimony of his own witness, Alton Brown: "They (Tobacco Company) buy tobacco on commission. . . . They don't have any trucks at all. . . . Q. So their business in South Carolina is buying and transportation of tobacco?   A. Not transportation, they haven't got anything to do with that at all."

The witness further testified that when the tobacco was loaded on his truck and bill of lading given therefor, the Henderson Tobacco Company had nothing further to do with its transportation; that his own liability in respect of the particular load in question ended with the delivery of the tobacco in Danville, and that he was then at liberty to go where he pleased

or do as he pleased with his truck. He could have picked up a return load, or instructed the driver to go elsewhere with the truck. As a matter of fact, on the occasion in question it was homeword bound, running empty, on the return trip from Danville.

This would seem to exculpate the Henderson Tobacco Company, the shipper, from any liability for the injury in suit. Such is the plaintiff's own evidence, and the judgment of nonsuit as to the Tobacco Company would seem to be correct.

The plaintiff cites *Brown v. Truck Lines,* 227 N.C. 299, 42 S.E. 2d 71, but the principle upon which that case was decided would seem to be inapplicable to the facts of the present record.

Affirmed.