Ulysses S. RANDALL (Plaintiff), Respondent,

v.

Clint T. STEELMAN and Associated Transports, Inc. (Defendants), Appellants.

Nos. 29402, 29403.

St. Louis Court of Appeals. Missouri.

Sept. 18, 1956.

Motion for Rehearing or to Transfer to Supreme Court Denied Nov. 13, 1956.

J. D. Leritz, J. L. Leritz, St. Louis, for appellants.

Heneghan, Roberts & Cole, John J. Cole, St. Louis, for respondent.

WOLFE, Commissioner.

This is an action in which the plaintiff seeks to recover damages for personal injuries that he sustained, for property damage to his automobile and for loss of his wife's services. The damages arose out of a collision between the plaintiff's automobile and a transport tractor driven by defendant Clint T. Steelman. He was the owner of the tractor which he leased to and drove for the defendant Associated Transports, Inc. There was a verdict and judgment in favor of the plaintiff in the sum of $7,500 against both defendants and both have appealed.

The collision occurred on the morning of November 18, 1952, on Florissant Road in St. Louis County. Florissant Road, at and near the place of the collision, runs in a north and south direction. It was a black top, hard surfaced highway, 44 feet wide, having four traffic lanes, two for northbound vehicles and two for southbound vehicles. On the west side of the road there was a building occupied by the Ferguson Cleaners. The front of this building was 28 feet back from the west curb of Florissant Road. Directly in front of it was a paved driveway which had entrances to Florissant Road both on the north and south part of the lot upon which the cleaning establishment was located. To the north of the cleaners was a self-service laundry. It also had a paved driveway in front of it which connected with the driveway of the cleaning establishment.

Defendant Steelman had left his home and was on his way to Associated Transports, Inc. The purpose of his trip was to have some license and franchise numbers put on his tractor cab. These numbers were furnished in the form of decals which were to be affixed to the tractor cab and before the numbers there was the insignia of the company, "A. T. Inc." The company procured these decals at Steelman's expense and he had them put on at his own expense at any time he saw fit. It was necessary, however, that the numbers be on the cab of the tractor before engaging in transport work.

On his way to the Associated Transports, Inc., Steelman was traveling southwardly on Florissant Road. He intended to leave some cleaning at the Ferguson Cleaners, but he passed the driveway entrances before he became aware of it so he turned his tractor around and went back. He drove in the south entrance of the driveway and parked his tractor there facing north. He went in the cleaning establishment and left the clothing that he desired to have cleaned. When he came out there was a large truck of the tractor-trailer type parked on Florissant Road in front

of the cleaning company. The truck was about 30 feet long, 12 to 15 feet high, and 8 feet wide. The trailer portion of it was covered with a tarpaulin. This truck was headed south and occupied the space along the curb between the two driveway entrances.

In order to again enter Florissant Road to proceed southwardly Steelman backed his tractor until he could head it out into the road in the north exit of the cleaning company driveway. He came out into Florissant Road, turning southwardly on the east side of the parked truck. At this time the plaintiff was driving his automobile northwardly. His wife was accompanying him as a passenger. The tractor and the plaintiff's car collided. The plaintiff's car veered eastwardly and struck some parked automobiles on the east side of Florissant Road and came to rest with the back of it against a telephone pole on the east side of Florissant Road about opposite the front of the truck parked on the west side by the Ferguson Cleaners. Plaintiff was thrown from his automobile to the street where he remained until medical aid arrived.

Randall himself testified that he was on his way to Ferguson traveling northwardly on Florissant Road. It had been raining and the streets were moist. He was driving and his wife was seated next to him. He stated that his car was in the northbound lane next to the center line of the street and that he was traveling at a speed of 25 miles per hour. He said that he had no recollection of anything that had happened at the time.

Mrs. Randall testified that they were traveling at the rate of 20 to 25 miles per hour and that she saw the tractor come over to the east of the center line of the road just a "split second" before the impact, and that she did not know what part of the two vehicles came together. A woman, who at the time of the collision was sitting in a parked automobile in the driveway in front of the self-service laundry, testified that she had a view of the road from where she sat and that she saw the plaintiff's northbound car when it was around 25 or 30 feet south of the front end of the truck parked on the west side of the road, and that plaintiff's car was traveling at a speed of about 25 miles per hour. She said that Steelman's tractor moved out into Florissant Road and went about three feet over the center of the road into the northbound traffic lane and struck the front end of plaintiff's car.

There was evidence that Steelman, as stated, was a lease operator for the Associated Transports, Inc., and that he had worked exclusively for that company since 1945. He was paid on a basis of 65 per cent of the gross revenue received for deliveries that he made. From the amount owing him the transport company deducted unions dues and withheld taxes. The particular tractor he was driving was new and it was necessary to get some additional license numbers on it before engaging in transport work. He testified that the purpose of his trip that morning was to have these numbers put on it. He stated that in leaving the cleaners he drove around the parked truck and that he at no time drove his tractor to the left or east of the center line of the road. He was moving at a speed of about 10 or 12 miles an hour. He first observed plaintiff's car when it was about 100 to 150 feet away and he stated that it was skidding from side to side. He brought his tractor to a stop in its proper lane about even with the front of the parked truck. He said that on the third skid made by the plaintiff's car its rear fender struck the left part of the tractor's front bumper. He estimated the speed of plaintiff's car at 40 to 45 miles per hour.

There was medical testimony that the plaintiff suffered a cerebral concussion and was in a state of amnesia for a short time after the accident. Medical witnesses also testified that he suffered from bursitis which arose from the injury that he received and that, in the opinion of the witnesses, he would have recurring pain from the bursitis.

The foregoing is the pertinent evidence upon which the case was submitted with the exception of some facts that may be more clearly considered when set out with the points raised in relation to them.

The first point raised is that the plaintiff failed to make a submissible case against either defendant. The theory advanced is that there was no evidence of probative value that Steelman's tractor was driven east of the center line of the road. Two witnesses testified that it did come over the center line. The first was Mrs. Randall. Her testimony was vague but she stated with certainty that the tractor came into the northbound traffic lane. While uncertain on other matters, on this point there was no conflict that would defeat its probative value.

The second witness was the woman seated in the car parked by the self-service laundry. She was shown a plat of the area, which was designated Defendants' Exhibit V. By this plat the appellants attempted to show that the witness could not have seen the collision as her view was obstructed by the parked truck and the defendant Steelman's tractor. We are urged to hold that her testimony was contrary to physical laws and common knowledge, which would preclude it from being accepted as substantial evidence. State ex rel. Kansas City Southern Ry. Co. v. Shain, 340 Mo. 1195, 105 S.W.2d 915; Benton v. St. Louis-San Francisco R. Co., Mo.Sup., 182 S.W.2d 61. Her testimony cannot be so classified for the position of the vehicles parked upon the road and those involved in the collision was not fixed with absolute accuracy and the witness stated that she did not see the tractor and the car actually come together but that the tractor went over the center line of the road and had not fully completed its turn to the south when the collision occurred. Some question as to the truth of her testimony may have been raised by the plat upon which she attempted to indicate the position of the cars but her credibility was for the jury to resolve.

It is also asserted that no case was made against defendant Associated Transports, Inc., for the reason that it was not shown that Steelman was in the course of his work for the company or its agent at the time of the collision. It is not contended that he was an independent contractor. His cab bore the insignia of the company and he was their agent when performing a duty incident to their work. Van Hook v. Strassberger, Mo.App., 259 S.W.2d 399; Cotton v. Ship-By-Truck Co., 337 Mo. 270, 85 S.W.2d 80; Virgil v. Riss & Co., Mo. App., 241 S.W.2d 96.

A determination of the question therefore rests upon the sufficiency of the evidence to show that Steelman was in the performance of a duty for the Associated Transports, Inc. at the time of the collision. The company had informed him that the numbers had come in so that he could get them and have them put on his cab. The purpose of his trip was to do this. He was not working on the day of the trip and he could have had the numbers put on at any time before he was required to go on another transport trip. It was his tractor. He paid for necessary repairs and used it as he saw fit when it was not in the service of the company. He had not been directed to go to the company's office on that particular day.

The plaintiff maintains that since the decals had to be placed upon the tractor before it could be used in transport work Steelman was on a mission for the benefit of the company. Whether or not having the decals put on was work for the Associated Transport, Inc. is questionable, but that point is of no importance, for if it could be held to be company business, then the most that could be said for Steelman's relation to the company at the time in question, is that he was on his way to work.

In Van Hook v. Strassberger, Mo.App., 259 S.W.2d 399, supra, and in Stone v. Reed, Mo.App., 247 S.W.2d 325, both of which had to do with lease operation of transport tractors, we held that as a general

rule an employer is not liable for the negligence of his agent or servant in driving to and from work. It is only where the master derives some benefit from the trip that liability can be imposed upon him. That which could be considered as beneficial to the master was fully discussed in the Van Hook case, which held that the master was not liable for the negligence of its servant during the servant's trip to his home, even though he might, while at home, incidentally perform some duty in connection with his work.

In the Stone case the driver was on his way to resume his transport work when the collision giving rise to the action occurred. He was returning from a trip to a restaurant where he had dined with some friends. We held that the business of the master had been suspended and that the master was not liable. There is no difference between the Stone case and the one before us. If we assume that putting on decals was work for the master, then Steelman was simply going to work as was the driver in the Stone case, after having finished his meal. For this reason it must be held that the court erred in refusing to direct a verdict in favor of defendant Associated Transports, Inc.

It is also contended that the court erred in reading to the jury a verdict-directing instruction designated as Instruction No. 1 and given at the request of the plaintiff. The instruction is as follows:

"The Court instructs the jury that if you find and believe from the evidence that on the occasion mentioned in evidence defendant Clinton T. Steelman drove and operated this tractor from a driveway around a parked truck and out onto Florissant Road and that in doing so he made a wide right turn, if you so find, and if you further find that in making said wide right turn, defendant drove over and to the left of the center line of Florissant Road and immediately struck plaintiff's

northbound automobile, or directly caused the collision mentioned in evidence, if you so find, and if you further find that in so doing defendant Steelman failed to exercise the highest degree of care, that is such care as a very careful and prudent person would exercise under the same or similar circumstances, then you are instructed that defendant Steelman was negligent, and if you further find that plaintiff was injured and damaged as a direct result of such negligence, then your verdict shall be for the plaintiff."

The function of a verdict-directing instruction is to inform the jury of the essential facts that they are to decide. Hooper v. Conrad, 364 Mo. 176, 260 S.W. 2d 496. If Steelman suddenly drove his tractor into the northbound traffic lane where the plaintiff was traveling and was such a short distance away that a collision was likely to occur, then Steelman was negligent. The position of the plaintiff's car and the point of the collision were disputed facts and the facts in support of the plaintiff's case should have been hypothesized. Daggs v. Patsos, Mo.App., 260 S.W.2d 794.

Following the requirement to find the meager state of facts submitted, the instruction contains the phrase "or directly caused the accident". By this phrase the jury might have been led to believe that they could find Steelman negligent upon any theory that might occur to them, and it is therefore erroneous.

The defendants maintain that the measure of damage instruction was not supported by the evidence and was therefore erroneously given. It is also stated that the instruction is erroneous in other respects. One element of damage submitted was for future pain and suffering. It is claimed that there was no evidence to support this. Two doctors testified that, in their opinion, the pain plaintiff suffered from bursitis would continue. This was

sufficient evidence that the plaintiff was reasonably certain to suffer future pain and made such future suffering an element of damages properly submissible to the jury.

The jury was instructed that it might allow the reasonable value of medical and hospital expenses not to exceed $824.15. The appellants assert that this was erroneous as there was no proof of the reasonableness of the charges made. "It is proper and generally considered essential under Missouri holdings to show the necessity of the services and the reasonableness of the charges for allowances for medical expenses in personal injury actions." Markovich v. Kansas City Public Service Co., Mo.Sup., 266 S.W.2d 641, 646. Proof of the reasonableness of the charges and other expenses for which recovery is sought should be made on retrial.

Another objection to the instruction has to do with damage to the automobile and it permits an award not to exceed $756.01 for the "amount the plaintiff's automobile was damaged and reduced in value". The damage allowable for personal property is the difference between the reasonable market value before it was damaged and the reasonable market value after it was damaged. A failure to state the measure of damages in accordance with this rule may not always be prejudicial, but it is nevertheless erroneous and upon retrial should be correctly stated. General Exchange Ins. Corp. v. Young, Mo.App., 206 S.W.2d 683; Brunk v. Hamilton-Brown Shoe Co., 334 Mo. 517, 66 S.W.2d 903; Jenicek v. Harrigan, Mo.App., 217 S.W. 2d 764.

Certain photographs were introduced in evidence which purported to show the view that the witness in the parked car had of the collision. A truck had been placed in front of the cleaning establishment and the photographer had focused his camera on the scene from within an automobile parked in front of the self-service laundry. It is contended that this attempted representation of the view of the collision site was misleading and prejudicial to the defendants. It is true that where a photograph is in no way instructive or calculated to assist the jury it should be excluded. Gignoux v. St. Louis Public Service Co., Mo.App., 180 S.W.2d 784. It is also true that evidence of a situation similar to that prevailing at the time of the occurrence which gave rise to the action may be shown at the discretion of the trial judge. The situation shown by the photographs was similar to the situation present at the time of the collision and it was not error to admit the photographs. Lynch v. Missouri-Kansas-Texas R. Co., 333 Mo. 89, 61 S.W.2d 918; Lance v. Van Winkle, 358 Mo. 143, 213 S.W.2d 401.

The plaintiff called as his witness defendant Steelman and when counsel for the defendants sought to cross-examine him the court limited the cross-examination to such matters as had been covered by the direct examination. It is contended that the court erred in so doing, and this point is well taken as there is no authority in law to so restrict the defendant's cross-examination. Wilcox v. Erwin, Mo.App., 49 S.W.2d 677.

It is contended that the court erred in refusing to permit counsel for the defendants to read from depositions during his argument to the jury. This was a matter within the discretion of the trial judge. Gravemann v. Huncker, Mo.App., 71 S.W. 2d 59.

The jury after retiring asked for Exhibit V, which was the plat of the area where the collision occurred. The court denied the request and this is assigned as error. The action of the court cannot be held to be erroneous as such matters are also within its discretion. Eller v. Crowell, Mo.Sup., 238 S.W.2d 310.

Other points are raised but the foregoing disposes of all matters likely to be present

upon retrial, and for the reasons stated it is the recommendation of your Commissioner that the judgment be reversed as to the defendant Associated Transports, Inc., and reversed and remanded for a new trial against the remaining defendant Steelman.

PER CURIAM.

The foregoing opinion of WOLFE, C., is adopted as the opinion of the court.

The judgment of the circuit court as to defendant Associated Transports, Inc., is accordingly reversed, and the judgment against the remaining defendant Steelman is accordingly reversed and the cause remanded for a new trial.

ANDERSON, P. J., MATTHES, J., and ELMO B. HUNTER, Special Judge, concur.