Nancy Marie HRITZ, a minor, by Francis S. HRITZ, next friend and Francis S. Hritz and Judith Ann Hritz, parents of Nancy Marie Hritz, Appellants,

v.

Edward S. SLAWIN, Respondent.

No. 49702.

Missouri Court of Appeals, Eastern District, Division Two.

Feb. 25, 1986.

James R. Anderson, Webster Groves, for appellants.

Paul S. Brown, St. Louis, for respondent.

CRIST, Judge.

This is an appeal from a judgment entered on a jury verdict in favor of defendant motorist against an injured child and her parents. We affirm.

On March 20, 1976, Nancy Marie Hritz coasted down a neighbor's driveway into the street, where defendant struck her with his automobile. Nancy was seriously injured. At the time of this accident, Nancy's nine year old sister and six year old brother were supervising her. Defendant motorist claimed he did not see Nancy until just before he struck her.

In Count I of their petition, Nancy's father, as her next friend, sought damages of $750,000 for injuries and treatment due to defendant motorist's alleged negligence. In Count II, Nancy's parents sought damages of $50,000 for medical, dental and hospital expenses, and for their loss of services.

Parents raise four points on appeal. In their first two points relied on, parents assert the trial court erred in allowing into

evidence over their objection a photograph of the street area in front of parents' house. Parents claim the photograph was false and misleading, and there was no proper foundation the photograph fairly and accurately represented the scene existing at the time of the accident. We disagree.

■ The trial court has wide discretion in admitting photographs into evidence. *Rust & Martin, Inc. v. Ashby*, 671 S.W.2d 4, 8 (Mo.App.1984); *State ex rel. State Highway Commission of Missouri v. Haywood, et. al.*, 631 S.W.2d 928, 929 (Mo.App. 1982). Photographic evidence of a situation similar to that existing at the time of an accident may be admitted in the discretion of the trial judge. *Randall v. Steelman*, 294 S.W.2d 588 (Mo.App.1956). In the disputed photograph, which showed the view of the street defendant motorist had as he operated his automobile, a regular passenger car was substituted for a station wagon. Defendant motorist testified this automobile was parked in the same location the station wagon was parked at the time of the accident. Defendant motorist further testified the disputed photograph accurately portrayed the scene as he drove up the street. Defendant motorist explained the discrepancies between the disputed photograph and the scene as it existed at the time of the accident. We find no abuse of the trial court's discretion in admitting this photograph. *See Rust & Martin*, 671 S.W.2d at 9.

■ In their third point relied on, parents assert the trial court erred in giving jury instruction No. 13. This instruction provided:

#### INSTRUCTION NO. 13

On the claim of Francis S. Hritz and Judith Ann Hritz you must assess a percentage of fault against those Plaintiffs if you believe:

First, Plaintiff Francis S. Hritz and Judith Ann Hritz permitted Nancy Hritz to operate her mini wheel cycle down a driveway and into Foxwood Street without proper supervision and

Second, Plaintiffs were thereby negligent, and

Third, such negligence of Plaintiffs directly contributed to cause any damage Plaintiffs Francis S. Hritz and Judith Ann Hritz sustained.

The term "negligent" or "negligence" as used in this instruction means the failure to use that degree of care that an ordinarily careful and prudent person would use under the same or similar circumstances.

Parents claim this instruction is erroneous because it contained no finding their negligence was the proximate cause of the injury. We disagree.

■ Parents may be negligent in supervising their children. *Chawkley v. Wabash Ry. Co.*, 317 Mo. 782, 297 S.W. 20, 27 (1927). This case was tried under the doctrine of comparative fault. *See Gustafson v. Benda*, 661 S.W.2d 11 (Mo. banc 1983). There was evidence parents were negligent. In any event, any error in this instruction is harmless. The jury found defendant motorist not negligent. Parents' failure to supervise thus became irrelevant. Any error in this instruction was cured by the jury finding in favor of defendant motorist. *See Koch v. Bangert Bros. Road Builder, Inc.*, 697 S.W.2d 315, 317 (Mo. App.1985).

■ In their final point relied on, plaintiffs assert the verdict is contrary to the law and against the weight of the evidence. We disagree. While plaintiffs made a submissible case, the weight of the evidence, including the credibility of the witnesses, was for the jury. This is not one of those rare cases where this court can say plaintiffs were entitled to judgment as a matter of law. *See Fisher v. Williams*, 327 S.W.2d 256, 259 (Mo.1959).

Judgment affirmed.

DOWD, P.J., and REINHARD, J., concur.